### Peter Church *v.* Walter R. Proctor & others.

A debtor committed to jail on execution, who has availed himself of the liberty of the jail limits, by giving a bond with sureties, under the provisions of "an act for the relief of poor persons imprisoned for debt," contained in the Digest of 1844, commits an escape under such bond, unless he return to close jail or execute an assignment of all his estate conformably to the 7th section of said act, within thirty days from his *commitment* on *execution;* it being held, that said thirty days are to be reckoned from the day of his commitment on *execution,* and not from any prior day upon which he may have been surrendered by his sureties upon a former bond for the limits given for the benefit of the same creditor, upon which day the bond sued was executed.

Debt upon two bonds given to the plaintiff by the defendant Proctor, as principal, and by the other defendants, as sureties, for the liberty of the jail limits; said Proctor having been committed to the Providence county jail upon an execution issued against him by the court of common pleas for the county of Providence, at the suit of the plaintiff.

The case was submitted to the court upon an agreed statement of facts, by which it appeared, that the plaintiff obtained judgment against the defendant, Proctor, at the September term of the court of common pleas, 1856, for the county of Providence, in an action of the case in assumpsit, on which execution issued; and that Proctor was, on the 21st day of November, 1856, committed to the jail of the county of Providence

thereon, and, on the same day, went out upon the limits of said jail, first giving a jail limit bond, in the usual form, with the other defendants as his sureties. On the 20th day of December, 1856, his sureties on said bond surrendered him to jail, in their discharge; and on the same day he again went out upon the jail limits, first giving a second jail limit bond, in the usual form, with the same sureties, and remained out upon the limits until after the expiration of thirty days from his first commitment on execution, without making the assignment required by statute. On the 19th day of January, 1857, the defendant Proctor was again surrendered to jail by his sureties; and on the same day gave, and went out upon the limits under a third bond of the same character and with the same sureties; and on the 24th day of January took the poor debtor's oath after due notice to the plaintiff, but without opposition from him, and executed an assignment of his property to the jailer, and received a discharge, in the usual form.

The action was brought upon the first two bonds, above given by Proctor and the other defendants, for liberty to him of the jail limits; and the plaintiff having waived his count on the first of these bonds, it was agreed that judgment should be rendered for the plaintiff, for the amount of his debt and costs upon the second of the above bonds counted upon, if upon the above facts the court should be of opinion that he was entitled to recover the same thereon; otherwise, for the defendant, for his costs.

*Tillinghast & Bradley,* for the plaintiff. This is an action on jail limit bonds, founded on section 7 of the act of 1844, for the relief of poor persons imprisoned for debt, for an escape of the execution debtor. See Digest of Public Laws, 1844, p. 168.

1st. The above section of the statute under which this action is brought, contemplates and provides for *only one period of thirty days*—i. e. the debtor under it is entitled to the limits for thirty days only after his commitment, unless within that time he make an assignment in the manner prescribed. If surrendered by his sureties within the thirty days, and again admitted to the limits on a new bond, this does not extend the time, but he must either render himself to the jailer *within thirty days after*

*his original commitment*, or within that time make the assignment prescribed in that section, or it will be an escape. Were it otherwise, a debtor might, by being surrendered every twenty-ninth day by his sureties, keep the limits *ad infinitum without assignment*, and thus delay and baffle his creditor with impunity. For if it can be done once, it may be as well any number of times, so long as the debtor can obtain surety. This, we submit, would be a mere evasion or a fraud upon the law, which cannot be upheld.

Now, in this case, it is agreed that neither of these was done. The debtor did not, after going upon the limits under the second bond, render himself, nor in any manner return to jail within the thirty days; nor did he make the assignment required by the statute.

2d. The surrender by sureties, as in this case, (see statement of facts) under section 4 of the above-named act, is not a *rendering of himself* by the debtor to the keeper of the jail, such as is required and contemplated by section 7, particularly where, as in this case, upon the day of the surrender the debtor again takes the limits upon a new bond *with the same sureties*. Digest of 1844, p. 167.

Upon either of the above grounds, the plaintiff claims that he is entitled to judgment.

*E. H. Hazard*, for defendants. The provisions of the section of the statute referred to in the points submitted by the plaintiff have been complied with, because the debtor was surrendered to the keeper of the jail, in the jail, within thirty days after his commitment. The surrender to the jailer, being a proceeding carried out for the express purpose of complying with this statute, and with the consent and coöperation of said Walter R. Proctor, the debtor in the original suit, must be taken to be a surrendering of himself, by Proctor, according to the meaning of the statute. If so, the breach claimed by the plaintiff has not occurred; and the defendants are therefore entitled to judgment.

BOSWORTH, J. Upon the agreed statement of facts in this case, it is clear that the plaintiff is entitled to judgment.

The seventh section of the " act for the relief of poor persons

Church *v.* Proctor & others.

imprisoned for debt," provides that " no person committed on execution shall have the liberty of the prison yard for more than thirty days after his commitment, unless he shall, within the said thirty days, execute an assignment, &c."

The act further provides, " that if any person, so committed, shall neglect to render himself to the keeper of the jail in said jail, within said thirty days, or make an assignment, as before provided, he shall be deemed to have committed an escape under his bond for the liberty of the prison yard."

It is agreed that no assignment was made by the defendant in execution within thirty days from the commitment; and yet it is contended that the formality of a surrender by his sureties and the giving a new bond, gives him the liberty of the prison yard for another thirty days. This cannot be; because the statute says he shall not have the liberty of the prison yard for more than thirty days from his *commitment* without making the assignment. To us it seems plain, that the commitment mentioned in the statute means the commitment on the execution; and the prohibition is plain that " no person committed shall have the liberty of the prison yard more than thirty days after his commitment, without making the assignment." If, therefore, the defendant is surrendered by his sureties before the expiration of the thirty days, and is liberated on a new bond, he must render himself to the jailer within said thirty days, or make the assignment provided by the statute, or he is, by provision of the law, deemed to have committed an escape. Any other view of the subject would defeat the obvious intent of the statute, and enable the debtor, by giving a new bond once in twenty-nine days, to obtain the liberty of the prison yard for an indefinite time; whereas the statute enacts, that he shall not have such liberty for more than thirty days after commitment. The first bond was cancelled by a surrender of the principal, by the surety, within thirty days, and the second bond was forfeited, according to the statement of facts, under our construction of the law.

Judgment must, therefore, be rendered for the plaintiff in accordance with the agreement.